**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA HARRIS,
Plaintiff-Appellant,

v.

MARGARETTEN & COMPANY,
INCORPORATED, As Servicing
Contractor for Federal Home Loan            No. 95-1975
Mortgage Corporation,
Defendant-Appellee,

and

IVAN L. MORTON; STEVE MULLAN,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-94-737-3, BK-92-35624-T)

Argued: March 7, 1996

Decided: November 14, 1996

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Isaac Scott Pickus, JACKSON, PICKUS & ASSO-
CIATES, P.C., Richmond, Virginia, for Appellant. Anton Joseph

Stelly, THOMPSON, SMITHERS, NEWMAN & WADE, L.L.P.,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal arises from an adversary proceeding between plaintiff-
appellant Barbara S. Harris and defendant-appellee Margaretten &
Co., Inc. in the chapter 13 bankruptcy case of Frank S. Harris, Barba-
ra's husband. The sole question presented on appeal is whether or not
the district court erred in denying plaintiff's attorney's fees under 11
U.S.C. § 1301. We affirm.

On March 18, 1994, defendant Margaretten & Co., Inc. foreclosed
its security and sold Barbara and Frank Harris's home at auction.
When the home was sold, Barbara Harris had already received a dis-
charge in her own chapter 7 bankruptcy case which relieved her of
personal liability on the note held by Margaretten and secured by the
home. Prior to the sale, Margaretten obtained relief from 11 U.S.C.
§ 362's automatic stay, on the ground of a default, under Frank Har-
ris's chapter 13 plan. Margaretten's application for relief did not
name Barbara Harris as a party and was not served on her, although
it listed her as a co-maker of the note. Likewise, Barbara Harris was
not mentioned in the bankruptcy court's order granting relief from the
stay.

Following the sale, Barbara Harris filed this adversary proceeding.
The bankruptcy court ruled that the obligation evidenced by the note
was consumer debt and that the foreclosure sale violated the auto-
matic stay of actions against co-debtors imposed by 11 U.S.C. § 1301.
The court granted Margaretten prospective relief from the co-debtor
stay though it refused to annul the stay as of the time of the foreclo-

2

sure sale. It avoided the sale, and denied Barbara Harris's request for damages, attorney's fees, and costs. The district court affirmed, and Barbara Harris appeals. As stated, the only issue on appeal is Barbara Harris's claim that the district court erred in refusing to award her attorney's fees.

Section 1301 protects "any individual that is liable on [consumer] debt with the debtor, or that secured such debt" from collection actions by a creditor. 11 U.S.C. § 1301(a). Unlike 11 U.S.C. § 362, § 1301 does not provide for an award of attorney's fees for a violation of the stay it imposes. In the absence of a statutory authorization, a prevailing party is not entitled to an award of attorney's fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247-255 (1975).

The judgment of the district court is accordingly

AFFIRMED.*

_____
*Even if a deliberate and willful violation of the stay under § 1301 might make more palatable the award of an attorney's fee, in this case the finding of the bankruptcy court and the district court, that Margaretten had committed "at most a technical violation of the co-debtor stay," and that of the bankruptcy court, that it "would no doubt have also granted relief from the § 1301 stay" if asked for, make unavailing any such claim. The denial of a discretionary award in such a case has not been held to be be an abuse of discretion.

3